**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| PNC Bank, National Association, successor | ) | |
| to National City Bank, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Glenn Udell; Pamela Udell; Sorrento Enterprises, | ) | |
| LLC; Sorrento Enterprises, LLC – Series A; | ) | |
| Sorrento Enterprises, LLC – Series B; Sorrento | ) | Case No. 16 CV 5400 |
| Enterprises, LLC – Series C; Sorrento Enterprises, | ) | |
| LLC – Series D; Sorrento Enterprises, LLC – Series | ) | |
| E; Sorrento Enterprises, LLC – Series F; Sorrento | ) | |
| Enterprises, LLC – Series G; Sorrento Enterprises, | ) | |
| LLC – Series H; Sorrento Enterprises, LLC – Series | ) | |
| I; Sorrento Enterprises, LLC – Series J; Sorrento | ) | |
| Enterprises, LLC – Series K; Sorrento Enterprises, | ) | |
| LLC – Series L; Sorrento Enterprises, LLC – Series | ) | |
| M; Sorrento Enterprises, LLC – Series N; Sorrento | ) | |
| Enterprises, LLC – Series O; Sorrento Enterprises, | ) | |
| LLC – Series P; Sorrento Enterprises, LLC – Series | ) | |
| Q; Sorrento Enterprises, LLC – Series R; Sorrento | ) | |
| Management, Inc. and Chicago Title Land Trust as | ) | |
| trustee under trust agreement dated May 19, 2008 | ) | |
| and known as trust number 8002350906, | ) | |
| Defendants. | ) | |

**Defendants' Response to PNC Bank, N.A.'s Local Rule 56.1(b)(3)(C) Statement of**
**Additional Facts**

35.     Glenn Udell's ("Glenn") personal financial statement attached as Ex 1 to Ex. 3 of Defendants' Rule 56 Statement of Fact (doe. 48) U0002-0005 (hereafter "PFS") does not contain any representation that Glenn transferred or is transferring any of his assets to Sorrento Enterprises, LLC ("Sorrento") or any of its series ("Sorrento Series"). Doc. 48 Ex. 3, Ex. 1 at U0002-0005.

**RESPONSE:**  Admit that the PFS does not contain an express representation to that effect;

deny that the PFS and tax returns were insufficient to provide actual or inquiry notice of the

same.

36.     Glenn's PFS does not identify any of the Sorrento Series. Id.

**RESPONSE:** Admit that the PFS does not specifically identify the Sorrento Series; deny that

the PFS and tax returns were insufficient to provide actual or inquiry notice of the same.

     37.    Glenn's PFS does not contain any representation that he owns an interest in any of the Sorrento Series. Id.

**RESPONSE:** Admit that PFS does not contain an express representation to that effect; deny that

the PFS and tax returns were insufficient to provide actual or inquiry notice of the same.

     38.    Glenn's PFS does not contain any representation that Glenn transferred or is transferring his wages or income to Sorrento or any Sorrento Series. Id.

**RESPONSE:** Admit that PFS does not contain an express representation to that effect; deny

that the PFS was insufficient to provide actual or inquiry notice of the same.

     39.    On April 7, 2011, Sorrento or one of the Sorrento Series possessed approximately $73,489.66 in a bank account at Bank Leumi ending in x8802. Ex. A, its Ex. 1 a/c x8802.

**RESPONSE:** Admit.

     40.    On April 7, 2011 one of the Sorrento Series possessed approximately $182,539.18 in a bank account at Bank Leumi ending in x9602. Ex. A, its Ex. 1 a/c x9602

**RESPONSE:** Admit.

     41.    On April 6, 2011 a check in the amount of $114,690.98 was issued to Glenn from Ace Private Risk Services. Ex. A, its Ex. 1 (copy of check).

**RESPONSE:** Admit.

     42.    On May 11, 2011, Glenn deposited the $114,690.98 check into a Sorrento Series account at Bank Leumi ending in x4101. Ex. A., its Ex. 1 a/c x1401.

**RESPONSE:** Admit.

     43.    The funds in the Sorrento account ending in x8802 at Bank Leumi are not listed in the PFS. Doc. 48 Ex. 3, Ex. 1 at U0002-0005.

**RESPONSE:** Admit that the funds are not expressly listed, although a value for Sorrento is

included; deny that the funds constituted direct assets of Glenn such that they would separately

listed.

44.     The funds in the Sorrento Series account ending in x9602 at Bank Leumi are not listed in the PFS. Doc. 48 Ex. 3, Ex. 1 at U0002-0005.

**RESPONSE:** Admit that the funds are not expressly listed, although a value for Sorrento is included; deny that the funds constituted direct assets of Glenn such that they would separately listed.

45.     The funds from Glenn's $114,690.98 check are not listed in the PFS. Doc. 48 Ex. 3, Ex. 1 at U0002-0005.

**RESPONSE:**  Admit.

46.     The funds in Sorrento Series accounts ending in x4101 at Bank Leumi are not listed in the PFS. Doc. 48 Ex. 3, Ex. 1 at U0002-0005.

**RESPONSE:**  Admit that the funds are not expressly listed, although a value for Sorrento is included; deny that the funds constituted direct assets of Glenn such that they would separately listed.

47.     Glenn's PFS does not contain any representation that Glenn transferred the Five Subject New 'York Life Insurance Polices (ending in x184, x092, x182, x696, x233) (hereafter "NYL Policies") to Sorrento or the Sorrento Series. Doc. 48 Ex. 3, Ex. 1 at U0002-0005; see also Ex. A, its Ex. 2.

**RESPONSE:**  Admit that PFS does not contain an express representation to that effect; deny that the PFS was insufficient to provide actual or inquiry notice of the same.

48.     The face values of the five NYL Policies are x233 $200,000; x696 $100,000; x182 $100,000; x092 $500,000, x184 $500,000. Ex. A, its Ex. 2 (see "Key Policy Information" for each policy).

**RESPONSE:**  Admit.

49.     Schedule B of Glenn's PFS lists one life insurance policy at New York life with a cash surrender value of $40,000 owned by Sorrento. Doc. 48 Ex. 3, Ex. 1 at U0003.

**RESPONSE:**  Admit.

50.     At least two of the five NYL Polices insure the lives of Glenn's children, Ex. A, its Ex. 2 (see "Key Policy Information" for accounts x092 and x184).

**RESPONSE:** Admit.

51.    The 'total assets' section of Glenn's PFS does not list any life insurance policies with cash surrender value. Doc. 48 Ex. 3, Ex. 1 at U0004.

**RESPONSE:** Admit that the referenced page does not list life insurances policies with cash

surrender value, but see Doc. 48, Ex. 3, Ex. 1 at U0003.

52.    In April of 2011, certain Sorrento Series owned the NYL Policies after the transfer from Glenn. Ex. A, its Ex. 2 at NYL 153 (showing 2009 transfer request).

**RESPONSE:** Admit.

53.    Glenn's PFS does not contain any representation that Glenn transferred any interest in the real estate commonly known as 2-4 Cedar Rim Trail, Galena, Illinois ("Galena Real Estate") The Galena Real Estate is not listed in Glenn's PFS. Doc. 48 Ex. 3, Ex. 1 at U0002-0005.

**RESPONSE:** Admit.

54.    The Galena Real Estate is not listed in Glenn's PFS. Doc. 48 Ex. 3, Ex. 1 at U0002-0005.


**RESPONSE:** Admit.

55.    Glenn PFS does not contain any representation that Glenn transferred any interest in 5331 S Cicero, LLC, GLU, LLC, MSP, LLC, PVPFO, LLC, New Trier Real Estate Partners, LP, Max and Benny's, LLC, Minooka Land Investment, LLLP, Security National Warranty, LLC, Hazel Ravine Partners, LLC, Skokie Curragh, LLC, Kaufman & Udell Investments, 2015 W Irving, LLC ("Udell Entities") or any other entity to Sorrento or any of the Sorrento Series. Doc. 48 Ex. 3, Ex. 1 at U0002-0005.

**RESPONSE:** Admit that PFS does not contain an express representation to that effect; deny that

the PFS and tax returns were insufficient to provide actual or inquiry notice of the same.

56.    The Udell Entities are not listed in Glenn's PFS. Doc. 48 Ex. 3, Ex. 1 at U0002-0005.

**RESPONSE:** Admit that PFS does not expressly list the same; deny that the PFS and tax returns

were insufficient to provide actual or inquiry notice of the same.

57.    As of the date of Glenn's PFS, Glenn owned an interest in 2000 Bertram Lane,

Highland Park, Illinois. Doc. 48 Ex. 3, Ex. 1 at U0003.

**RESPONSE:** Admit.

58.     As of the date of Glenn's PFS, Glenn owned an interest in Brown Udell Pomerantz, & Delrahim, Ltd. Doc. 48 Ex. 3, Ex. 1 at U0003.

**RESPONSE:** Admit.

59.     As of the date of Glenn PFS, neither Sorrento nor any of the Sorrento Series owned or possessed any ownership interest in 2000 Bertram Lane, Highland Park, Illinois. Doc. 48 Ex. 3, Ex. 1 at U0003.

**RESPONSE:** Admit.

60.     As of the date of Glenn PFS, neither Sorrento nor any of the Sorrento Series owned or possessed any ownership interest in Brown Udell Pomerantz, & Delrahim, Ltd. Doc. 48 Ex. 3, Ex. 1 at U0003.

**RESPONSE:** Admit.

61.     Glenn's personal financial statement contains the representation that Glenn's 50% ownership interest in Sorrento is worth $1,200,000. Doc. 48 Ex. 3, Ex. 1 at U0003.

**RESPONSE:** Admit.

62.     Glenn included the value of his 50% ownership interest in Sorrento in his total assets of $4,660,510 listed in his PFS. Doc. 48 Ex. 3, Ex. 1 at U0004.

**RESPONSE:** Admit.

63.     Glenn's 2009 Tax Return (hereafter "Tax Return") does not identify that Glenn transferred any income, wages, or cash to Sorrento or any of the Sorrento Series. Doc. 48 Ex. 3, Ex. 1 at U0006-0128.

**RESPONSE:** Admit.

64.     Glenn's Tax Return does not identify that Glenn transferred any interest in the Galena Real Estate to Sorrento or any of the Sorrento Series. Doc. 48 Ex. 3, Ex. 1 at U0006-0128.

**RESPONSE:** Admit.

65.     Glenn's Tax Return does not identify that Glenn transferred any life insurance policies, including the NYL Policies, to Sorrento or any of the Sorrento Series. Doc. 48 Ex. 3, Ex. I at U0006-0128.

**RESPONSE:** Admit; deny that the PFS and tax returns were insufficient to provide actual or

inquiry notice of the same.

66.     The pages of Glenn's Tax Return that Defendants allege contain the words `transferred to Sorrento' (in fact not all pages cited by Defendants contain this language) cited in Defendants' Rule 56 Statement (doc. 48 131) do not identify 5331 S Cicero, LLC, MSP, LLC, PVPFO, LLC, New Trier Real Estate Partners, LP, Max and Benny's, LLC, Security National Warranty, LLC, Hazel Ravine Partners, LLC, Kaufman & Udell Investments, or 2015 W Irving, LLC. Doc. 48 Ex. 3, Ex. 1 at U0024, 0026, 0027, 0078, 0101, 0103.

**RESPONSE:** Admit, that the particular pages cited do not reference those entities.

67.     The pages of Glenn's Tax Return that contain the words 'transferred to Sorrento' cited in Defendants' Rule 56 Statement (doc. 48 131) do not identify what person or entity purportedly transferred an interest to Sorrento, any consideration for the purported transfer, or the value of the transfer. Doc. 48 Ex. 3, Ex. 1 at 0026, 0027, 0078, 0101, 0103.

**RESPONSE:** Admit; deny that the PFS and tax returns were insufficient to provide actual or

inquiry notice of the same.

68.     PNC served a citation to discover assets on Glenn on November 21, 2014 ("Citation"). Exhibit B.

**RESPONSE:** Admit.

69.     In response to PNC's Citation, Glenn did not produce the assignments of his interest in the Udell Entities to certain of the Sorrento Series, to Plaintiff until September 15, 2015, Exhibit C, 00336-003368 119.2 (listing assignments of Udell Entities provided to PNC).

**RESPONSE:** Admit.

70.     In response to PNC's Citation, Glenn did not produce pay stubs and the Sorrento Series or Sorrento bank account statements showing Glenn's transfer of his cash to Sorrento or certain of the Sorrento Series, to Plaintiff until September 15, 2015. Ex. C, 00336-00338.

**RESPONSE:** Admit.

71.     In response to a third party citation, on or about July 13, 2015, PNC received from Chicago Title a copy of the trust agreement for Chicago Title Land Trust number 8002350906 showing a certain Sorrento Series as the beneficiary of the land trust rather than Glenn. Ex. A, its Ex. 1.

**RESPONSE:** Admit.

72. In response to PNC's Citation, Glenn did not produce documents showing a transfer of the NYL Policies to certain of the Sorrento Series to Plaintiff.

**RESPONSE:** Admit.

73. In response to a third party citation, Plaintiff obtained documents showing a transfer of the NYL Policies to certain of the Sorrento Series from New York Life, on or about November 19, 2015. Ex. A, its Ex. 2.

**RESPONSE:** Admit.

74. Glenn's PFS states total assets of $4,660,510 and total liabilities of $800,000. Doc. 48 Ex. 3, Ex. 1 at U0004.

**RESPONSE:** Admit.

75. Plaintiff requested financial information from Glenn on the following occasions:

5/28/13 email from Plaintiffs attorney to Glenn, wherein Plaintiff's attorney requested tax returns and personal financial statements from Glenn

6/3/13 email from Plaintiffs attorney to Glenn, wherein Plaintiffs attorney requested tax returns and personal financial statements from Glenn

11/12/13 email from Plaintiffs attorney to Glenn, wherein Plaintiffs attorney requested tax returns and personal financial statements from Glenn

11/14/13 email Plaintiff's attorney to Glenn sending a form of a personal financial statement to Glenn and advising Glenn that any settlement offer must include same

**RESPONSE:** Admit.

76. GLU, LLC is a manager of 9362 Joint Venture, LLC, Exhibit D.

**RESPONSE:** Admit.

77. Glenn is a manager of GLU, LLC. Exhibit E.

**RESPONSE:** Admit.

78. Glenn's guaranty which resulted in PNC's judgment provides: "(E) Guarantor has not and will not, without prior written consent of Lender, sell, lease, assign, encumber, hypothecate, transfer or otherwise dispose of all of all or substantially all of Guarantor's assets,

or any interest therein." Doc. 48-1 at 63.

**RESPONSE:** Admit that the guaranty includes the quoted language, as well as additional

language.

79.     In April of 2008, Glenn had personally guarantied loans in excess of $21,000,000. Doc. 36 ¶16.

**RESPONSE:** Admit that Glenn executed guaranties, deny that Glenn's actual liability on the

same exceeded $21,000,000.

80.     In the State Court Litigation that resulted in PNC's judgment against Glenn (09 CH 17036), Glenn and his LLC 9362 Joint Venture, LLC Glenn admitted that PNC loaned $4,145,695.98 to 9362 Joint Venture, LLC, admitted that Glenn granted the guaranty in favor of PNC and did not assert an affirmative defense that all amounts due on the underlying note and guaranty had been paid when due. Exhibit F at 18 V, at 24 ¶ 8; Ex. Fat 30-38.

**RESPONSE:** Admit.

81.     Glenn's Tax Return does not identify Glenn's net worth. Doc. 48 Ex. 3, Ex. 1 at U0006-0128.

**RESPONSE:** Admit.

82.     Glenn and Pamela use the assets of Sorrento or the Sorrento Series for personal use and pay their personal expenses with the assets of Sorrento or the Sorrento Series. Doc. 36 and 37 ¶ 32, 34-35, 58-66.

**RESPONSE:** Admit that the assets of Sorrento and the Sorrento Series have been used for

certain personal expenses as disclosed in Doc. 36 and 37.

83.     Sorrento or certain a Sorrento Series owns or leases a 2015 Mercedes 5550 with an insured value of $102,000. Pamela Udell is listed as the primary driver for this car. Ex. A, its Ex. 4.

**RESPONSE:** Admit.

84.     On or about May 8, 2008, Glenn transferred his interest in certain limited liability companies and partnerships to certain Sorrento Series including (i) 5331 S Cicero, LLC, (ii) GLU, LLC, (iii) MSP, LLC, (iv) PVPFO, LLC, (v) New Trier Real Estate Partners, LP, (vi) Max and Benny's, LLC, (vii) Minooka Land Investment, LLLP, (viii) Security National Warranty, LLC, (ix) Hazel Ravine Partners, LLC, (x) Skokie Curragh, LLC, (xi) Kaufman & Udell Investments, and (x) 2015 W Irving, LLC. Ex. Cat 336-338.

**RESPONSE:** Admit.

85.     On or about July 9, 2008, Glenn and Pamela quit-claimed their interest in certain real estate commonly known as 2-4 Cedar Rim Trail, Galena, Illinois 60136 to a land trust for which a Sorrento Series is the beneficiary. Ex. C at 336-338.

**RESPONSE:** Admit.

86.     On or about March 1, 2009, Glenn transferred ownership of five whole life insurance York Life [sic] to a Sorrento Series. Ex. A, its Ex. 2.

**RESPONSE:**  Admit.

87.     Since April 2008, Glenn deposited all of his compensation from his employment as an attorney into bank accounts either owned by Sorrento or the Sorrento Series. Doc. 36 ¶ 26.

**RESPONSE:** Admit that Glenn has so deposited substantially all of his compensation as described.

Respectfully Submitted,

Glenn Udell; Pamela Udell; Sorrento Enterprises, LLC; Sorrento Enterprises, LLC – Series A-R; and Chicago Title Land Trust as trustee under trust agreement dated May 19, 2008 and known as trust number 8002350906,

By:    */s/ Andrew A. Jacobson*
       One of their attorneys

Andrew A. Jacobson, ARDC #6211224
**Brown, Udell, Pomerantz & Delrahim, Ltd.**
225 W. Illinois Street, Suite 300
Chicago, Illinois 60654
312.475.9900/312.475.1188 (fax)
ajacobson@bupdlaw.com